AO 245B   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

<table>
<tr><td>WESTERN</td><td>District of</td><td>ARKANSAS</td></tr>
</table>

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** | |
|---|---|---|
| **v.** | | |
| PEDRO A. MENDOZA | Case Number: | 5:10CR50061-001 |
| | USM Number: | 08306-010 |
| | Kent McLemore | |
| | Defendant's Attorney | |

## THE DEFENDANT:

X pleaded guilty to count(s)    Six (6), Seven (7), Eight (8), and Nine (9) of Superseding Indictment on August 16, 2010

☐ pleaded nolo contendere to count(s)
 which was accepted by the court.

☐ was found guilty on count(s)
 after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1) | Distribution of methamphetamine | 03/29/2010 | 6 |
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii) | Distribution of more than 5 grams of methamphetamine actual | 04/06/2010 | 7 |
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute marijuana | 06/02/2010 | 8 |
| 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) | Felon in possession of a firearm | 06/02/2010 | 9 |

   The defendant is sentenced as provided in pages 2 through    7    of this judgment, with the court considering the guidelines as non-binding and advisory only.

☐ The defendant has been found not guilty on count(s)

X Count(s)    One (1) through Five (5)    ☐ is   X are  dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| | December 2, 2010 |
| | Date of Imposition of Judgment |
| | |
| | /S/ Jimm Larry Hendren |
| | Signature of Judge |
| | |
| | Honorable Jimm Larry Hendren, Chief United States District Judge |
| | Name and Title of Judge |
| | |
| | December 2, 2010 |
| | Date |

| | Judgment — Page | 2 | of | 7 |

DEFENDANT:          PEDRO A. MENDOZA
CASE NUMBER:     5:10CR50061-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:       **156 months**
**This sentence consists of 156 months on Count Six, 156 months on Count Seven, 60 months on Count Eight, and 120 months on
Count Nine, all terms to run concurrently.**

☐    The court makes the following recommendations to the Bureau of Prisons:

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

    ☐    at   _____   ☐ a.m.   ☐ p.m.   on   _____.

    ☐    as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐    before 2 p.m. on   _____.

    ☐    as notified by the United States Marshal.

    ☐    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on   _____   to   _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:       PEDRO A. MENDOZA
CASE NUMBER:     5:10CR50061-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a total term of :    **Five (5) years**
**The term of supervised release consists of five years on Count Seven and three years on each of Counts Six, Eight and Nine, all terms to run concurrently, which will commence immediately upon release from imprisonment.**

1. The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. The Court finds that the instant offense is drug related and the defendant has a history of substance use and abuse, therefore, the mandatory drug testing provisions of 18 U.S.C. 3583(d) apply in this case.

3. The defendant shall comply with the DNA collection provisions of 18 U.S.C. § 3583(d).

4. The defendant shall not commit another federal, state or local crime; the defendant shall not possess or use any firearm or other dangerous device; and the defendant shall not possess, use or have anything at all to do with any controlled substance.

5. If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

6. The defendant shall comply with the Standard Conditions of Supervised Release as recommended by the United States Sentencing Commission and as set out below on this page of the judgment, as well as any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court; and

13) the defendant shall - - as directed by the probation officer - - notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:     PEDRO A. MENDOZA
CASE NUMBER:   5:10CR50061-001

# SPECIAL CONDITIONS OF SUPERVISION

1)    The defendant shall submit his person, residence, place of employment, and vehicle to a search to be conducted by the United States Probation Officer at a reasonable time and a reasonable manner based upon reasonable suspicion that evidence of a violation of a condition of supervised release might be thereby disclosed.

2)    The defendant shall submit to in-patient or out-patient substance abuse testing, evaluation, counseling, and/or treatment, as deemed necessary and under the direction of the United States Probation Officer.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 5 — Criminal Monetary Penalties
Case 5:10-cr-50061-JLB    Document 29    Filed 12/02/10    Page 5 of 7    PageID #: 79

Judgment — Page    5    of    7   

DEFENDANT:         PEDRO A. MENDOZA
CASE NUMBER:      5:10CR50061-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $  400.00 | $ 25,000.00 | $  -0- |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss\*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| | | | |
|---|---|---|---|
| **TOTALS** | $ _____ 0 | $ _____ 0 | |

☐   Restitution amount ordered pursuant to plea agreement  $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   X   the interest requirement is waived for the    X   fine    ☐   restitution.

   ☐   the interest requirement for the    ☐   fine    ☐   restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page ___6___ of ___7___

DEFENDANT:    PEDRO A. MENDOZA
CASE NUMBER:    5:10CR50061-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**    X    Lump sum payment of $    25,400.00    due immediately.

    ☐    not later than _____ , or
    X    in accordance    ☐ C,    ☐ D,    ☐ E, or    X F below; or

**B**    ☐    Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

**C**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

**E**    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**    X    Special instructions regarding the payment of criminal monetary penalties:

    The fine is due and payable immediately, but if it be not paid immediately, it shall be paid during the period of imprisonment in
    quarterly installment payments of $25.00 or 10% of the defendant's quarterly income, whichever is greater. If the fine be not paid
    in full during the period of imprisonment, the balance shall be paid during the period of supervised release in monthly installment
    payments of $200, or 10% of the defendant's net monthly household income, whichever is greater, with the requirement that the
    entire unpaid balance must be paid in full no later than one month prior to the end of the five-year period of supervised release.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount,
    and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 7 — Denial of Federal Benefits    Case 5:10-cr-50061-TLB    Document 29    Filed 12/02/10    Page 7 of 7 PageID #: 81

Judgment — Page   7   of   7

DEFENDANT:      PEDRO A. MENDOZA
CASE NUMBER:   5:10CR50061-001

# DENIAL OF FEDERAL BENEFITS
### (For Offenses Committed On or After November 18, 1988)

## FOR DRUG TRAFFICKERS PURSUANT TO 21 U.S.C. § 862

IT IS ORDERED that the defendant shall be:

X   ineligible for all federal benefits for a period of     **five (5) years**     .

☐   ineligible for the following federal benefits for a period of          .

(specify benefit(s))

## OR

☐   Having determined that this is the defendant's third or subsequent conviction for distribution of controlled substances, IT IS ORDERED that the defendant shall be permanently ineligible for all federal benefits.

## FOR DRUG POSSESSORS PURSUANT TO 21 U.S.C. § 862(b)

IT IS ORDERED that the defendant shall:

☐   be ineligible for all federal benefits for a period of          .

☐   be ineligible for the following federal benefits for a period of          .

(specify benefit(s))

     ☐   successfully complete a drug testing and treatment program.

     ☐   perform community service, as specified in the probation and supervised release portion of this judgment.

     IS FURTHER ORDERED that the defendant shall complete any drug treatment program and community service specified in this judgment as a requirement for the reinstatement of eligibility for federal benefits.

     Pursuant to 21 U.S.C. § 862(d), this denial of federal benefits does not include any retirement, welfare, Social Security, health, disability, veterans benefit, public housing, or other similar benefit, or any other benefit for which payments or services are required for eligibility. The clerk is responsible for sending a copy of this page and the first page of this judgment to:

**U.S. Department of Justice, Office of Justice Programs, Washington, DC 20531**