IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

V.                      CR.NO. 10-50061

PEDRO A. MENDOZA                            DEFENDANT/MOVANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On May 23, 2014, the Defendant/Movant Pedro A. Mendoza (hereinafter "the Defendant") filed a 28 U.S.C. § 2255 motion. (Doc. 31). An Amended Motion was filed on June 25, 2014, and a Second Amended Motion was filed on July 31, 2014. (Docs. 36, 40). The Government filed a Response (Doc. 41) and the Defendant filed a Reply (Doc. 45). The undersigned does not believe that an evidentiary hearing is warranted in this matter, as the § 2255 motion, files, and records in this case conclusively show that the Defendant is not entitled to relief. 28 U.S.C. § 2255(b). See Jeffries v. United States, 721 F.3d 1008, 1014 (8th Cir. 2013). The undersigned, being well and sufficiently advised, finds and recommends as follows with respect thereto:

### PROCEDURAL BACKGROUND

On August 16, 2010, Defendant pled guilty pursuant to a written plea agreement (Doc. 23), and, on December 2, 2010, Defendant was sentenced as follows:

*    156 months imprisonment, three years supervised
     release, and a $25,000.00 fine for the offense of

-1-

distributing a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 841(a)(1);

* 156 months imprisonment and five years supervised release for the offense of distributing more than five grams of actual methamphetamine, in violation of § § 841(a)(1) and 841(b)(1)(B)(viii);

* 60 months imprisonment and three years supervised release for the offense of possessing with intent to distribute marijuana, in violation of § 841(a)(1); and

* 120 months imprisonment and three years supervised release for the offense of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

The terms of imprisonment and supervised release were ordered to run concurrently. (Doc. 29.)[1] Defendant did not file a direct appeal.

On May 23, 2014, Defendant filed his <u>pro se</u> Motion to Vacate under § 2255, raising the following grounds:

a. counsel rendered ineffective assistance by failing to file a notice of appeal;

b. the Court erred in a two point weapon enhancement

---

[1] On January 9, 2015, an order was entered pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2), reducing Defendant's sentences on the methamphetamine charges to 131 months, with all of the terms of imprisonment to run concurrently. (Docs. 47, 49, 51-53.)

under U.S.S.G. § 2D1.1(b); and

c. the alleged drug analysis failed to support a determination that he possessed an actual amount of 21 grams of methamphetamine.

(Doc. 31).

Defendant recognized that his § 2255 motion was filed "late," and asserted that "only after [his] family requested particular documentation of the case and paid for plea[] and sentencing transcript(s) was it understood that counsel failed to file a notice of appeal . . . ." (Doc. 31 at pg. 4.)

On May 28, 2014, the undersigned entered an order appointing counsel, Mr. Jack Schisler, for Defendant, and directed counsel to file an Amended § 2255 motion. (Doc. 34). On June 23, 2014, Defendant filed a pro se pleading requesting that equitable tolling be applied so that his § 2255 motion would be deemed as timely filed. Defendant asserted that he exercised due diligence and his family assisted him in paying for "certain kinds of documentation in order to find whether counsel filed a notice of appeal after sentencing . . . ." Defendant attached to his pleading a letter dated February 16, 2012, which Defendant wrote to his trial counsel, requesting documents such as his indictment, judgment and commitment, plea agreement, plea transcript, a copy of his docket sheet, "and any and all other documents that may pertain to my case." (Doc. 35 at pg. 6). Defendant did not inquire in the letter to his trial

-3-

counsel as to whether counsel had filed an appeal or about the status of any such appeal.

On June 25, 2014, Mr. Schisler filed a Motion to Amend/Correct the 28 U.S.C. § 2255 Motion (Doc. 36).  Mr. Schisler stated that Defendant had not provided him with additional information to address the equitable tolling issue and his other claims and that, therefore, "there simply was no refining to his § 2255 motion that could be done." (Doc. 36 at pg. 2.)

As it appeared to the undersigned that there may have been some misunderstanding on Defendant's part as to Mr. Schisler's efforts to obtain additional information from him to support his equitable tolling argument and his claims, the undersigned directed Mr. Schisler to personally meet with Defendant to discuss the basis for his equitable tolling argument and his claims.

On July 31, 2014, Mr. Schisler filed a Second Motion to Amend/Correct the § 2255 Motion (Doc. 40) In this motion, Mr. Schisler explained that he met with Defendant to discuss any facts which would support an argument as to why equitable tolling would apply.  Mr. Schisler stated that after meeting with Defendant and investigating the matter, he could not refine Defendant's arguments regarding equitable tolling.  (Doc. 40.)

-4-

Upon Defendant's request (Doc. 42), on October 9, 2014, the undersigned allowed Mr. Schisler to withdraw, and advised Defendant that he would be able to proceed pro se. (Doc. 46). Also pursuant to Defendant's request (Doc. 43), the undersigned directed the Clerk to file Defendant's pro se Motion for Traverse, filed on October 3, 2014, as a Reply to the Government's Response to the § 2255 motion. (Docs. 44, 45). In his Reply, Defendant asserts that his "§ 2255 being untimely filed is based on nothing other than counsel's failure to file a timely notice of appeal . . . ." (Doc. 45 at pg. 3.)

### DISCUSSION

A one-year period of limitation applies to § 2255 motions. See 28 U.S.C. § 2255(f). As relevant to the instant case, that period began to run from the later of either "the date on which the judgment of conviction [became] final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (4).

Defendant's judgment was entered on December 2, 2010, and his conviction became final 14 days thereafter, on or about December 16, 2010, which was when the period for filing a direct appeal expired. See United States v. Plascencia, 537 F.3d 385, 388-90 (5th Cir. 2008); Fed. R. App. P. 4(b)(1)(A). Thus, under § 2255(f)(1), the Defendant had one year from this date – until

December 16, 2011 – to file his § 2255 motion.  The Defendant
did not meet this deadline, as his motion was not filed until
over two years past this deadline, on May 23, 2014.

Defendant asserts that he did not realize that his counsel
failed to file an appeal until his family obtained certain
documentation, such as the plea and sentencing transcripts, and
that he wrote counsel a letter on February 16, 2012, requesting
copies of the indictment, judgment, a copy of his docket sheet,
etc.  To determine whether this fact entitles the Defendant to
invoke the statute of limitations contained in § 2255(f)(4), the
Court must determine when a duly diligent person in the
Defendant's circumstances would have discovered that no appeal
had been filed.  Anjulo-Lopez v. United States, 541 F.3d 814,
818 (8th Cir. 2008).

The Court believes that a duly diligent person in the
Defendant's circumstances would have discovered counsel's
failure to file a notice of appeal well before receiving the
documentation requested in Defendant's February 16, 2012 letter.
Indeed, a duly diligent person would not have waited over a year
to inquire if counsel had filed an appeal, and Defendant did not
even inquire in the letter as to whether counsel had filed an
appeal, but simply requested certain documentation.  Further,
Defendant offers no explanation as to why he then waited over
two years after sending this letter to filed his § 2255 motion.

-6-

Defendant could have, at any time, requested a docket sheet from the Court, which would have reflected that no appeal had been filed. Cf. id. at 818-19 (petitioner failed to demonstrate due diligence under § 2255(f)(4) where he did not use reasonable efforts to discover that no appeal had been filed, but rather, waited an entire year to contact his attorney regarding appeal; further, fact that appeal had not been filed was a matter of public record).

### CONCLUSION

Based upon the foregoing, the undersigned hereby recommends that Defendant's § 2255 motion and amended motion (Docs. 31, 40) be denied as untimely.

An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(b) & (c)(2). A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998). Based upon the above analysis of Defendant's § 2255 motion, the undersigned does not believe that there is any basis for the issuance of a certificate of

-7-

appealability and, therefore, recommends, that a certificate of appealability be denied.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of June, 2015.

/s/ Erin L. Setser
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)