IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                    PLAINTIFF/RESPONDENT

V.                              CASE NO. 5:10-CR-50061

PEDRO A. MENDOZA                              DEFENDANT/MOVANT


## MEMORANDUM OPINION AND ORDER

Currently before the Court are the Report and Recommendation ("R & R") (Doc.
63) filed in this case on June 16, 2015, by the Honorable Erin L. Setser, United States
Magistrate Judge for the Western District of Arkansas, Plaintiff Pedro A. Mendoza's
("Mendoza") 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Doc.
31), his Second Amended Motion (Doc. 40), and his Objections to the R & R (Doc. 64).
In light of Mendoza's Objections to the R & R, the Court has conducted a *de novo*
review of the record, focusing in particular on the portions of the R & R to which specific
objections have been made, in accordance with 28 U.S.C.§ 636(b)(1)(C).  After review,
the Court finds that the objections lodged by Mendoza offer neither law nor fact
requiring departure from the Magistrate's findings. Accordingly, the Magistrate's R&R
(Doc. 63) is **ADOPTED IN ITS ENTIRETY** and Mendoza's § 2255 Motion to Vacate
(Doc. 31) and Second Amended Motion (Doc. 40) are **DENIED**.

### I.  DISCUSSION

The background facts of this case are adequately set forth in the Magistrate's
R & R and require only brief review here. Mr. Mendoza pled guilty pursuant to a written
plea agreement on August 16, 2010, and was sentenced on December 2, 2010. His

conviction became final on December 16, 2010, when the period for filing a direct appeal expired. He did not file the instant collateral attack on his conviction until May 23, 2014, over 41 months after it became final.

Claims for post-conviction relief under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. The limitations period runs from, as relevant here, the latest of "the date on which the judgment of conviction becomes final" or "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1), (f)(4). In addition, the statute of limitations is subject to the doctrine of equitable tolling when a petitioner "has been diligently pursuing his rights and . . . an extraordinary circumstance stood in his way." *White v. Dingle*, 616 F.3d 844, 847 (8th Cir. 2010) (citing *Holland v. Florida*, 560 U.S. 631 (2010)).

Mendoza maintains that he is entitled to post-conviction relief because of his counsel's failure to file an appeal despite his instruction to do so, because the sentencing court incorrectly applied a two-level enhancement to his sentence pursuant to U.S.S.G. § 2D1.1(b)(1), and because the sentencing court incorrectly calculated his base offense level. However, all of Mendoza's claims are clearly barred by the statute of limitations. First, and most obviously, Mendoza's petition was not filed within one year from the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Second, his petition was not filed within one year from the date on which the facts supporting his claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(4). On this matter, Mendoza argues that he instructed his counsel to file an appeal following his sentencing, and that he did not discover that his counsel

failed to file an appeal until sometime after he requested his case's documentation from his attorney on February 16, 2012. Even if this Court were to assume that a duly diligent person would not have discovered his counsel's failure to file an appeal until February of 2012–a whole 14 months after his sentencing–Mendoza's claims would still need to have been filed by February of 2013 to avoid the statute of limitations. Even with that generous assumption, Mr. Mendoza's claims were filed 15 months too late.

Third, no extraordinary circumstances justify Mendoza's 41-month delay in filing his petition. In *White v. Dingle*, relied on by Mendoza, the Eighth Circuit held that the petitioner was entitled to equitable tolling under the extraordinary circumstances exception because his "current inability to obtain federal review of his exhausted claims" was a direct result of the Eighth Circuit's error in failing to remand "his prior appeal with instructions that the district court consider those claims on the merits." 616 F. 3d 844, 848 (8th Cir. 2010). In *Holland v. Florida*, also relied on by petitioner, the Supreme Court intimated that the extraordinary circumstances exception might have been appropriate when the petitioner went to, what can only be described as, extraordinary lengths to get his attorney to abide by federal exhaustion and timing requirements, and the attorney blatantly disregarded those instructions. 580 U.S. 631 (2010). Throughout the entire three-year duration of the petitioner's state habeas proceedings, he consistently wrote to his counsel communicating these instructions. When his counsel repeatedly failed to respond, he wrote several letters to the Clerk of the Florida Supreme Court expressing his concerns. *Id.* Mr. Mendoza, on the other hand, points to no extraordinary circumstances preventing him from timely filing his habeas petition at all, let alone any such circumstances analogous to *White* or *Holland*.

## II. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation (Doc. 63) of the Magistrate Judge is **ADOPTED IN ITS ENTIRETY**. Plaintiff Pedro A. Mendoza's § 2255 Motion to Vacate (Doc. 31) and Second Amended Motion (Doc. 40) are **DENIED** and his case is **DISMISSED WITH PREJUDICE**. A certificate of appealability is also **DENIED**.

**IT IS SO ORDERED** this 26th day of October, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

4